UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CR-41-BR
No. 4:12-CV-282-BR

| | | |
|---|---|---|
| ADRIAN LAMONT KEARNEY, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court for initial review of this 28 U.S.C. § 2255 motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Under this Rule, "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." R. Gov. § 2255 Pro. 4(b).

On 2 August 2010, petitioner pled guilty to distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) ("Count One") and possession with intent to distribute 50 grams or more of cocaine base, and aiding and abetting the same, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) ("Count Two"). On 6 December 2010, the court sentenced petitioner to a total term of 120 months imprisonment and five years of supervised release (concurrently running terms). Petitioner appealed. On 30 September 2011, the Fourth Circuit Court of Appeals vacated this court's judgment and remanded the case for resentencing to consider application of the Fair Sentencing Act of 2010 ("FSA"). (DE # 63.) On 6 December 2011, on resentencing, the court determined that the FSA should be applied retroactively to petitioner and sentenced petitioner to a total term of 84 months imprisonment and five years of supervised release (three years on Count One and five years on Count Two, to run concurrently).

Petitioner appealed his convictions and sentence. On 26 September 2012, the Fourth Circuit Court of Appeals affirmed. (DE # 88.) On 30 November 2012, petitioner filed the instant motion.

Petitioner advances three claims. First, he contends that he did not obstruct justice and therefore should not have received a sentencing guideline enhancement under U.S.S.G. § 3C1.1. (Pet., DE # 92, at 4.) The Court of Appeals considered this issue on appeal and concluded that this "court did not plainly err in imposing the obstruction of justice enhancement." (DE # 88, at 4.) Because the appellate court considered the issue, petitioner cannot raise it now as a basis for habeas relief. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (recognizing that a petitioner cannot "recast, under the guise of collateral attack, questions fully considered by this court").

Next, petitioner claims that on resentencing pursuant to the FSA, the court should have sentenced him to a term of three years of supervised release. (Pet., DE # 92, at 5.) While the FSA increased the threshold quantities of cocaine base to trigger certain mandatory minimum terms of imprisonment, it did not alter the mandatory minimum terms of supervised release themselves. See Pub. L. No. 111-220, 124 Stat. 2372 (2010). Under the FSA, on Count One, petitioner was subject to a mandatory minimum term of supervised release of "at least three years," 21 U.S.C. § 841(b)(1)(C), which is exactly what this court imposed. Under the FSA, on Count Two, petitioner was subject to a mandatory minimum term of supervised release of "at least four years," id. § 841(b)(1)(B). Therefore, the court could not have imposed a three-year term, at least on this Count, as petitioner suggests. In its discretion, the court imposed a five-year term on Count Two, which the statute does not prohibit. Petitioner's second claim is

2

without merit.

Petitioner's third and final claim raises ineffective assistance of trial and appellate counsel. (Pet., DE # 92, at 7.) Petitioner contends that counsel should have raised the errors he asserts in his aforementioned habeas claims. It is true that trial counsel did not object to the obstruction of justice enhancement, and therefore, the Court of Appeals reviewed that issue under the more deferential "plain error" standard. (See DE # 88, at 3-4.) However, even if trial counsel had objected to the enhancement, petitioner cannot show that the result of his appeal would have been different.

If trial counsel had objected to application of the obstruction of justice enhancement, the Court of Appeals would have reviewed this court's factual findings in connection with the enhancement for clear error and any legal determinations *de novo*. See United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002). "'Plain'" in the context of an error "is synonymous with 'clear' . . . ." United States v. Olano, 507 U.S. 725, 734 (1993). Thus, with the plain error and clear error standards being virtually the same, whether or not trial counsel objected makes no difference in terms of the appellate court reviewing this court's factual findings.[1] The relevant factual findings for purposes of this claim are (1) with law enforcement officers in pursuit after a controlled purchase, two bags (apparently containing narcotics) were thrown from the vehicle in which petitioner was riding as a passenger, with his co-defendant driving; and (2) after the vehicle wrecked and petitioner was arrested, officers found one of the bags (resulting in the charge in Count Two) but they could not locate the other bag. (PSR ¶ 6.) As for the legal determination that such conduct constitutes obstruction of justice under U.S.S.G. § 3C1.1,

_____

[1]Incidentally, petitioner acknowledged, under oath, that he admits the accuracy of the information contained in the presentence report. (12/6/10 Tr., DE # 55, at 3.)

applying the *de novo* standard would not alter the appellate court's conclusion. As petitioner accurately notes, the enhancement does not generally apply when a defendant destroys or conceals evidence contemporaneously with his arrest "unless it [i.e., such conduct] resulted in a material hindrance to the official investigation or prosecution of the instant offense or the sentencing of the offender." U.S.S.G. ¶ 3C1.1 n.4(D) (2010). Assuming the act of throwing the bags of narcotics occurred contemporaneously with petitioner's arrest, the destruction or concealment of one of those bags materially hindered the investigation and/or prosecution of petitioner as well as his sentencing. See United States v. Bedford, 446 F.3d 1320, 1326 (10th Cir. 2006) (holding the enhancement was warranted where the defendant successfully swallowed cocaine base as his vehicle was being pulled over by law enforcement officers and materially hindered the investigation or prosecution because "illegal drugs are material to any drug investigation or prosecution" and "sentences are largely determined by the quantity of drugs at stake"). Therefore, the court properly applied the obstruction of justice enhancement.

Neither trial nor appeal counsel raised any objection to the term of supervised release imposed. Because, as discussed previously, there is no merit to petitioner's claim that on resentencing he should have received a lower term of supervised release, counsel was not deficient in failing to object to the term imposed. See Brooks v. United States, No. 3:02–0092, 2011 WL 1043550, *12 (S.D. W. Va. Feb. 15, 2011) (proposed findings and recommendation) ("When no merit is found in a claim of ineffective assistance of trial counsel, appellate counsel cannot be found ineffective for failing to raise those same meritless issues on appeal." (citing United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995)), adopted, 2011 WL 1043503 (S.D. W. Va. Mar. 18, 2011); Moore v. United States, 934 F. Supp. 724, 731 (E.D. Va. 1996) ("Failure to

4

raise a meritless argument can never amount to ineffective assistance.").

Because petitioner is not entitled to relief on any claim he asserts, the § 2255 motion is DISMISSED.

The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 20 December 2012.

_____
W. Earl Britt
Senior U.S. District Judge